## HENRY M. SHERWOOD

### v.

## SAMUEL H. KERFOOT ET AL.

1. EVIDENCE.—Where a witness testified upon the former trial that he did not remember whether a certain arrangement was made or not, and upon the subsequent trial testified that he remembered no such arrangement was made, this discrepancy detracts from the weight to be given his testimony.

2. CONTRACT FOR COMMISSIONS.—Where it was proven by a preponderance of the evidence that an agreement was made with a certain firm to share commissions with appellees if they should furnish a customer, and with appellant if he should, and appellant furnished a customer entirely in-

dependent of appellees. *Held*, that appellant is entitled to a share of the commissions with the firm, and appellees are not.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed January 3, 1883.

Messrs. BEAM & COOKE, for appellant; that this court fully decided the merits of this case on a former appeal. These matters so decided are as between the parties to the suit *res adjudicata*, binding both upon them and the court whenever they again arise in the same cause and upon the same state of the record, cited Ward v. Johnson, 5 Bradwell, 30.

Where evidence presented in an additional record is merely a contradiction of the same witness' former testimony, it is not entitled to any weight: Loucheim v. Strause, 6 N. W. Rep. 56.

No new evidence being introduced affecting the merits of this case, the court below erred in refusing to enter a decree in accordance with the opinion of this court: Wadhams v. Gay, 83 Ill. 250.

Mr. FRANK J. CRAWFORD, for appellees; that where upon a new trial, such additional facts are shown as change the complexion of a case, this court is not bound to a former finding or ruling, cited Bowen v. Fridley, 8 Bradwell, 597.

PER CURIAM. This was a bill of interpleader brought to determine whether appellant or appellees are entitled to commissions on the sale of certain real estate. The case was before us at a previous term, when the decree of the court below giving the commissions to Kerfoot & Co. was reversed and the cause remanded, we being of opinion under the evidence that Kerfoot & Co. were not entitled to such commissions, and that Sherwood was. The case is reported in 9 Bradwell, 553, where the facts are sufficiently stated and need not be here repeated. After the case was remanded, the parties by agreement submitted it for another trial, upon the

Sherwood v. Kerfoot et al.

evidence taken at the former trial, with the addition of the testimony of Walter Mattocks, who was re-examined.

On the former trial Sherwood testified that he applied to Walter Mattocks, the managing clerk of Mattocks & Mason, agents and attorneys of the owner of the property, with whom he made an arrangement to act as broker in finding a purchaser, he to share commissions with Mattocks & Mason, if he should find one; and that from thenceforth he was on the lookout for such purchaser.

Walter Mattocks testified at the former trial that he did not remember whether such an arrangement was made or not. Upon being called as a witness at the last trial, about a year subsequently, he testified that he did recollect that no arrangement was made with Sherwood to act as broker. This discrepancy necessarily detracts from the weight to be given to his evidence; but if it be conceded that its effect was to produce a fair conflict of evidence as between him and Sherwood and thereby to furnish no ground for disturbing the finding of the court below in that regard, the fact still remains that Mr. Mason, a wholly disinterested and credible witness, one of the principals for whom Walter Mattocks was acting, testifies that the contract was to share commissions with Kerfoot & Co. if they made the sale, and with Sherwood if he made it. This testimony is wholly uncontradicted and should, we think, be regarded as decisive of the case.

That Kerfoot & Co. did not find a purchaser, and that Sherwood did, and that he found him entirely independent of any information derived from Kerfoot & Co. is proven beyond all reasonable doubt. To permit Kerfoot & Co. to now come in and reap the fruits of Sherwood's labors would be contrary to the plainest principles of equity and justice.

The decree of the court below will be reversed, and a decree rendered in this court in favor of appellant for the three hundred and twelve dollars and fifty cents deposited in the court below, to abide the final determination of the suit, less six dollars costs allowed Mattocks & Mason.

Decree accordingly.